SPEISS v. WEINBERG.

(Supreme Court, Appellate Term. April 21, 1899.)

1. RECOVERY ON HUSBAND'S CONTRACT FOR WIFE—REQUISITE PROOF.

No recovery can be had on a contract averred to have been executed by defendant's husband on her behalf, without proof of his actual authority to make the contract, or sufficient apparent authority or ratification on her part.

2. REVIEW—DISMISSAL OF COMPLAINT—FAILURE TO OBJECT.

Where it appears by the record that no objection was made or exception taken to a dismissal of the complaint at the close of plaintiff's case, the judgment will be affirmed.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by William Speiss against Rachel Weinberg. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Engel, Engel & Oppenheimer, for appellant.
Abraham H. Sarasohn, for respondent.

FREEDMAN, P. J. The right of the plaintiff to recover in this case rests upon a contract alleged to have been entered into between the manager of the plaintiff and the husband of the defendant. No actual authority in the husband to make a contract for or on behalf of the defendant was shown, nor does the testimony show sufficient

apparent authority or ratification on her part to authorize the rendition of a judgment against her. Simpson v. Bonnel (appellate term, Feb., 1899) 56 N. Y. Supp. 225. It also appears by the record that no objection was made or exception taken to the dismissal of the complaint at the close of the plaintiff's case. This, together with the failure of proof, as heretofore stated, requires an affirmance of the judgment.

Judgment affirmed, with costs to the respondent. All concur.